# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1707014097 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK17-07-0449-01 |
| **GEORGE F. RICHARDS,** | ) | DUI 7th OFFENSE (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Kenneth M. Haltom, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

George F. Richards, *Pro se*

FREUD, Commissioner
November 30, 2018

The defendant, George F. Richards ("Richards"), pled guilty on August 3, 2017 two weeks after his arrest, waiving an Indictment and proceeding by way of an Information to one count of Driving Under the Influence of Alcohol Seventh Offense, 21 *Del. C.* § 4177. He also faced one count of Resisting Arrest, one count of Criminal Mischief and one count of Following Too Closely which were *nolle prossed* by the State in exchange for Richards' plea. As part of the plea deal the State and the

defense agreed upon a recommended sentence of fifteen years incarceration suspended after serving four years minimum mandatory further suspended after serving two and one half years pursuant to 21 *Del. C.* § 4177(d)(9) in a substance abuse program at Level V immediately followed by probation with thirteen days credit for time served. The Court agreed with the sentence recommendation and sentenced Richards accordingly. Richards did not appeal his conviction or sentence to the State Supreme Court. Instead Richards filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 in which he alleges, in part, ineffective assistance of counsel.

The charges stemmed from complaints to the Harrington Police, on July 19, 2017, that a man was driving around Friendship Village in Harrington yelling at people and appeared to be under the influence. The police located the vehicle and stopped Richards and immediately smelled the odor of alcohol. A field test was performed and Richards blood alcohol content registered at .143 over the legal limit. A second test taken at the police station read .138. While he was in the holding cell Richards attempted to take off the handcuffs and wrestled with the police.[1]

## RICHARDS' CONTENTIONS

In his motion, Richards raises the following grounds for relief:

Ground one: Ineffective Assistance of counsel. No investigation on my behalf. No BAC was ever given in writing which

---

[1] *State v. Richards*, Del. Super. ID no. 1707014097, Aff. of Probable Cause, D.I. 1.

2

should happen when Breathalyzer is used.

| | |
|---|---|
| Ground two: | Probable cause to stop defendant. There was no traffic violation by defendant The officer stated he pulled defendant over for hollaring (sic) at someone. Only days later changed his story. |
| Ground three: | Uncalibrated B.A.C machine. The Harrington pd's machine was not properly calibrated. Also defendant never got any paperwork whatsoever. Never even was read rights. |
| Unnumbered Ground : | The BAC. machine wasn't calibrated, The defendant was never given a bac printout never given charges on paper and still doesn't have any. The officer wasn't trained in Dui Procedures. Due process was skipped alltogether (sic). As far as arrest goes with an uncalibrated machine and the officers stated BAC Results could even resulted (sic) in an under the limit result. There was no investigative work done on my behalf. Not to mention that there was no probable cause to stop the defendant. It was even stated in the newspaper why they stopped the defendant. Which was untrue stating I hollard (sic) at someone. |

3

## DISCUSSION

Under Delaware law, this Court must first determine whether Richards has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[2] This is Richards' first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Richards' claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent each of Richards' claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier.

At this point, Rule 61(i)(3) does not bar relief as to Richards' grounds for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Richards must meet the two-prong test of *Strickland v. Washington.*[3] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability

---

[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[3] 466 U.S. 668 (1984).

that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[4] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Richards has failed to allege any facts sufficient to substantiate his claim that his

---

[4] *Id.* at 687.

[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[6] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[7] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[8] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[9] *Strickland*, 466 U.S. at 689.

attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Richards' self-serving claims that his counsel's representation was ineffective. Richards' counsel clearly denies the allegations.

Richards was facing the possibility of fifteen years in prison had he been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the evidence against him. Prior to the entry of the plea, Richards and his attorney discussed the case. The plea bargain was clearly advantageous to Richards. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Richards entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[10] Consequently, Richards has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Richards was somehow deficient, Richards must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11] In an attempt to show prejudice, Richards simply asserts that his counsel

---

[10] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[11] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Richards' grounds for relief are meritless.

To the extent that Richards alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Richards whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Richards if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Richards if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Richards if he was entering into the plea as he was guilty of the charges. The Court also asked Richards if he was satisfied with this counsel's representation. Richards answered each of these questions affirmatively.[13] I find counsel's representations far more credible than Richards' self-serving, vague allegations.

---

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[13] *State v. Richards*, Del. Super., ID No. 1707014097 (Aug. 3, 2017) Tr. at 3-10.

Furthermore, prior to entering his guilty plea, Richards signed a Guilty Plea Form and Plea Agreement in his own handwriting. Richards' signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Richards is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[14] I confidently find that Richards entered his guilty plea knowingly and voluntarily and that Richards' grounds for relief are completely meritless.

## CONCLUSION

I find that Richards' counsel represented him in a competent and effective manner and that Richards has failed to demonstrate any prejudice stemming from the representation. I also find that Richards' guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Richards' motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3).

*/s/ Andrea M. Freud*
Commissioner

AMF/dsc
oc:    Prothonotary

---

[14] *Sommerville* 703 A.2d at 632.